LITTRELL ET AL., APPELLANTS, *v.* WILCOX ET AL., RESPONDENTS.

ASSUMPSIT — *Nonsuit.* — Where the plaintiffs sue for work and labor done in drilling a well for defendants at their request, the complaint containing a *quantum meruit* count, it is error for the court to grant a motion for a nonsuit upon the ground that "if there was any contract between these parties it was to sink a well containing other than surface water."

*Appeal from Fourth Judicial District, Cascade County.*

The action was tried before BACH, J.

*C. H. Benton*, for Appellants.

*Thos. E. Brady*, for Respondents.

DE WOLFE, J. — The appellants brought an action to recover the sum of five hundred dollars which the complaint alleges was due and owing to them by the defendants (respondents here) for

labor and services rendered in drilling for a well at the instance and request of defendants.

The defendant Wilcox only answered, and by his answer denied that plaintiffs drilled the well, and denies that services which plaintiffs performed were done at his instance or request, or that they were worth the sum charged therefor, or that anything remains due to plaintiffs on account of said services. The other defendant (Sutherland) appears to have made default, though as to that the record is silent. The complaint alleges and the answer does not deny that the defendant Sutherland paid one hundred dollars on account of the services for which the action is brought. The testimony also shows that this money was paid as alleged.

The record of the case is brought to this court in a very imperfect condition, and in the state it is in we would be justified in dismissing the appeal without considering the case on its merits. It does not directly appear from the record whether the case was tried by the court or by a jury, but it does state, as one of the grounds of error relied upon for a reversal, that the court erred in withholding from the jury the question whether, under the evidence, the plaintiffs had used due diligence in procuring machinery to sink the well, and whether or not the defendant Wilcox had not waived further performance on the part of the plaintiffs. The record is silent as to the verdict of the jury. It contains no judgment, and we look through it in vain to ascertain whether any was rendered. It contains no instructions given or refused, nor any bill of exceptions; nor is there any statement on appeal, or certificate of the judge before whom the case was tried, settling the statement on appeal, as required by the Practice Act.

To call so imperfect a group of papers the record of a court seems a misnomer, and we would be justified in withholding from it our consideration. But as counsel for respondents has let its imperfections pass unchallenged, and as it has been submitted to us, we have looked through it, in order to ascertain whether it discloses any error which would justify us in reversing the judgment, assuming that a judgment of some kind was rendered.

The record does, in an imperfect manner, disclose the fact that a motion for new trial was made in the case, and overruled by

the court, on account of "dismissing the cause upon the ground that drilling a well that should contain water other than surface water was a condition precedent to recovery of payment for the labor." The motion for new trial was also made on the ground that certain questions were improperly held from the jury; but as the record is silent as to any ruling of the court on the admission of evidence, or instructions to the jury, we can only infer that, after the evidence was submitted, the court sustained a motion to dismiss the action. If this is not so, the record is entirely unintelligible. Proceeding, then, upon this theory, we think the court erred in dismissing the action on the first ground mentioned in the motion for a new trial. It is evident from the pleadings that the court misjudged the nature of the action in sustaining the motion to dismiss on the ground stated.

The action is not one upon a contract to drill a well, in which the parties were to be paid if they succeeded in finding water other than surface water, or failing, were not to recover compensation for their labor. It was an ordinary complaint for work and labor done at the instance and request of defendants, and containing the usual *quantum meruit* count.

Viewing the pleadings in this light, we think the court erred in dismissing the action. The cause is therefore reversed, and remanded for a new trial. Judgment reversed.

BLAKE, C. J., and LIDDELL, J., concur.